# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| AMANDA VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | 1:18-cv-00316 |
| RETIREMENT SYSTEMS OF ) | |
| ALABAMA, ) | |
| ) | **PLAINTIFF DEMANDS A** |
| Defendant. ) | **TRIAL BY STRUCK JURY.** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for sex discrimination and retaliation. The Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as amended.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that the Defendant employed the Plaintiff in Mobile County, Alabama.

1

## PARTIES

4. Plaintiff Amanda Vaughn is a female resident of Mobile County, Alabama who is over the age of 19.

5. Defendant Retirement Systems of Alabama ("RSA") is the administrator of the pension fund for employees of the State of Alabama.

6. RSA invests funds that it holds in trust on behalf of its participants.

7. RSA's investment assets include real estate properties which are managed by the RSA Real Estate Division.

8. RSA is an employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

9. RSA employed Plaintiff from 2008 to 2017.

## ADMINISTRATIVE REMEDIES

10. On March 8, 2017, Ms. Vaughn filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging she experienced unlawful discrimination based on her gender in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and experienced unlawful retaliation in violation of Title VII. A copy of her Charge of Discrimination is attached as Exhibit A.

11. RSA terminated Ms. Vaughn's employment on March 29, 2017.

12. Ms. Vaughn filed a second Charge of Discrimination on April 7, 2017 alleging

her termination constituted unlawful termination under Title VII. A copy of Ms. Vaughn's second Charge of Discrimination is attached as Exhibit B.

13. On April 20, 2018, the U.S. Department of Justice, Civil Rights Division, issued Ms. Vaughn notices of right to sue for both of her Charges of Discrimination. Copies of the notices of right to sue are attached as Exhibit C.

14. Ms. Vaughn filed this action within 90 days of April 20, 2018.

## STATEMENT OF THE FACTS SUPPORTING PLAINTIFF'S CLAIMS

15. Ms. Vaughn was the Mobile Properties Operation Manager for RSA.

16. The RSA Battle House Tower was one of the properties which fell under Ms. Vaughn's management authority.

17. The Maintenance Supervisor for the RSA Battle House Tower was William Lee McDonald.

18. The Maintenance Supervisor position was also referred to as the building manager.

19. Even though Mr. McDonald fell under Ms. Vaughn's supervision, RSA paid him a higher rate of pay than Ms. Vaughn.

20. Even though Ms. Vaughn's responsibilities were equal to or greater than Mr. McDonald's, RSA paid him a higher wage.

21. Upon information and belief, RSA pays other male employees with equal or

3

lesser responsibility higher wages than it paid to Ms. Vaughn.

22. Ms. Vaughn is five feet, eight inches tall.

23. Mr. McDonald is over six feet tall.

24. Starting in November 2010, Mr. McDonald treated Ms. Vaughn in a hostile manner based on her gender.

25. Mr. McDonald called Ms. Vaughn a "fucking bitch."

26. Mr. McDonald called Ms. Vaughn a "stupid woman."

27. Mr. McDonald would tell Ms. Vaughn she could not talk to him as a supervisor because she was a woman.

28. Mr. McDonald said to Ms. Vaughn women should be seen and not heard.

29. Mr. McDonald told Ms. Vaughn women should be secretaries.

30. Mr. McDonald said to Ms. Vaughn women should not have any power.

31. Mr. McDonald said to Ms. Vaughn women sleep their way to the top.

32. Mr. McDonald told Ms. Vaughn to "shut-up."

33. Mr. McDonald would refuse work direction from Ms. Vaughn.

34. Mr. McDonald would throw papers at Ms. Vaughn, scream at her, slam his hand on furniture, stand close to her in a physically threatening manner, and refuse to listen to any communications from her.

35. Mr. McDonald made remarks threatening Ms. Vaughn's safety.

36. Mr. McDonald was insubordinate to Ms. Vaughn.

37. Mr. McDonald yelled at Ms. Vaughn.

38. Ms. Vaughn did not observe Mr. McDonald treating male employees with the same level of aggressive hostility as he used in his interactions with her.

39. Mr. McDonald's hostile and threatening treatment toward Ms. Vaughn began in 2010 and continued through her termination by RSA in March 2017.

40. Ms. Vaughn repeatedly made RSA aware of Mr. McDonald's hostile treatment toward her.

41. Upon information and belief, other employees of RSA made RSA aware of Mr. McDonald's gender-based abusive treatment of Ms. Vaughn.

42. Ms. Vaughn complained to many persons at RSA about Mr. McDonald's gender-based abusive treatment of her.

43. Ms. Vaughn complained to the Director of Real Estate for RSA as well as Brian Stewart, the Director of Human Resources, about Mr. McDonald's gender-based abusive treatment of her.

44. Ms. Vaughn complained to RSA that she feared for her safety.

45. Ms. Vaughn did not see any action by RSA to correct Mr. McDonald's treatment of her.

46. When Ms. Vaughn complained to RSA about Mr. McDonald's gender-based abusive and harassing treatment of her, she had her job duties restricted, received a lowered performance evaluation score, and was forced to continue

enduring Mr. McDonald's harassing and discriminatory conduct.

47. When Ms. Vaughn complained about Mr. McDonald's harassing and discriminatory conduct, she was told to stop "tattle telling" and to not push Mr. McDonald's buttons.

48. Mr. McDonald's harassing and discriminatory conduct toward Ms. Vaughn interfered with her ability to do her job.

49. Mr. McDonald threatened discipline and termination to witnesses who came forward on behalf of Ms. Vaughn.

50. Through her legal counsel, Ms. Vaughn complained in a letter dated February 19, 2017 to RSA's attorney, Leura Canary.

51. The letter to Ms. Canary complained of gender discrimination including the hostile and abusive treatment by Mr. McDonald.

52. Ms. Vaughn did not see any action by RSA to correct Mr. McDonald's treatment of her.

53. When RSA failed to answer Ms. Vaughn's repeated cries for help, she filed a Charge of Discrimination ("EEOC Charge") with the United States Equal Employment Opportunity Commission on March 8, 2017 alleging gender discrimination and retaliation.

54. After Ms. Vaughn filed her EEOC Charge, her tire was slashed at work.

55. The only person who parked near Ms. Vaughn was Mr. McDonald.

56. Prior to Ms. Vaughn's tire being slashed, Mr. McDonald had said he hoped Ms. Vaughn got in an accident on her way to work.

57. Ms. Vaughn complained to RSA about the tire-slashing incident.

58. RSA had security camera footage that should show who slashed Ms. Vaughn's tire.

59. RSA terminated Ms. Vaughn's employment on March 29, 2017.

60. RSA did not give Ms. Vaughn a specific reason for her termination.

61. RSA presented Ms. Vaughn a letter from RSA's Chief Executive Officer, David Bronner, stating her employment was being terminated because she had been insubordinate and exhibited conduct unbecoming a state employee.

62. Dr. Bronner's letter did not state what alleged conduct by Ms. Vaughn was insubordinate and/or constituted conduct unbecoming a state employee.

63. Dr. Bronner knew, or should have known, of Ms. Vaughn's complaints of discrimination, harassment, and retaliation, including her EEOC Charge, at the time he wrote the letter terminating her employment.

64. RSA knew of Ms. Vaughn's complaints of discrimination, harassment, and retaliation, including her EEOC Charge, at the time it made the decision to terminate her employment.

65. Ms. Vaughn disputes she was insubordinate and/or acted in a way unbecoming a state employee.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## GENDER DISCRIMINATION – HARASSMENT

66. Ms. Vaughn adopts and incorporates by reference the facts set forth in paragraphs 1 – 65 above.

67. Ms. Vaughn is a female.

68. On a regular and frequent basis, Mr. McDonald subjected Ms. Vaughn to offensive and unwanted comments and conduct based on her gender.

69. Mr. McDonald called Ms. Vaughn a "fucking bitch" and "stupid woman."

70. Mr. McDonald told Ms. Vaughn to shut up, she could not talk to him in a supervisory manner because she was a woman, and that women should be seen and not heard.

71. Mr. McDonald told Ms. Vaughn women should be secretaries, women should not have power in the workplace, and women sleep their way to the top.

72. Mr. McDonald refused to follow Ms. Vaughn's directions.

73. Mr. McDonald threatened Ms. Vaughn's safety.

74. Mr. McDonald was physically aggressive toward Ms. Vaughn.

75. Mr. McDonald acted in an aggressive manner toward Ms. Vaughn.

76. Mr. McDonald yelled at Ms. Vaughn.

77. Mr. McDonald refused to follow Ms. Vaughn's direction.

78. Mr. McDonald's gender-based harassing conduct directed toward Ms.

Vaughn created a discriminatorily abusive working environment which interfered with her ability to do her job.

79. RSA was responsible for the harassing conduct Ms. Vaughn endured because it was aware of it through the complaints of Ms. Vaughn and others but permitted the conduct to continue.

80. RSA's conduct injured Ms. Vaughn.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

    a.    Compensatory damages to be determined by the trier of fact;

    b.    Injunctive relief, including, but not limited to orders prohibiting future unlawful conduct and requiring training;

    c.    That relief which is fair and equitable under the circumstances; and

    d.    Costs, including a reasonable attorney's fee.

### COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### GENDER DISCRIMINATION – DISPARATE TREATMENT

81. Ms. Vaughn adopts and incorporates by reference the facts set forth in paragraphs 1 – 65 above.

82. Ms. Vaughn is a female.

83. RSA subjected Ms. Vaughn to disparate treatment with respect to the terms and conditions of employment relating to discipline and pay.

84. Mr. McDonald acted insubordinately and in a manner unbecoming a state employee.

85. RSA did not impose the same level of discipline, if any, on Mr. McDonald that it did on Ms. Vaughn for alleged misconduct.

86. Gender was a motivating factor in the difference in treatment between Mr. McDonald and Ms. Vaughn.

87. RSA paid Mr. McDonald, and likely other male employees, at a higher rate of pay than Ms. Vaughn despite Ms. Vaughn having equal or superior responsibilities.

88. Gender was a motivating factor in the difference in treatment between Mr. McDonald and Ms. Vaughn.

89. RSA's disparate treatment caused Ms. Vaughn injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

 a. Compensatory damages to be determined by the trier of fact;

 b. Backpay damages, including pre-judgment interest,

 c. Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

 d. That relief which is fair and equitable under the circumstances; and

    e.    Costs, including a reasonable attorney's fee.

## COUNT III
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RETALIATION

90. Ms. Vaughn adopts and incorporates by reference the facts set forth in paragraphs 1 – 65 above.

91. Ms. Vaughn engaged in activity protected by Title VII.

92. Ms. Vaughn believed in good-faith she was experiencing unlawful gender-based harassment and discrimination.

93. Ms. Vaughn believed in good-faith she was experiencing unlawful retaliation.

94. Ms. Vaughn opposed conducted made unlawful by Title VII by complaining to RSA and filing an EEOC Charge alleging gender discrimination and retaliation.

95. Ms. Vaughn participated in the EEOC process.

96. RSA subjected Ms. Vaughn to discipline, including termination.

97. RSA's discipline, including Ms. Vaughn's termination, was because of her protected activity.

98. RSA's retaliatory behavior injured Ms. Vaughn.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of a judgment against the Defendant in which the following is awarded:

    a.    Compensatory damages to be determined by the trier of fact;

b.  Backpay damages, including pre-judgment interest,

c.  Injunctive relief, including, but not limited to, orders requiring reinstatement (or in the alternative, reasonable front pay), prohibiting future unlawful conduct, and requiring training;

d.  That relief which is fair and equitable under the circumstances; and

e.  Costs, including a reasonable attorney's fee.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Heather Newsom Leonard*
Heather Newsom Leonard
Attorney Code - ASB-1152-061H
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:      (205) 977-5421
Facsimile:  (205) 278-1400
E-mail:     Heather@HeatherLeonardPC.Com

PLAINTIFF WILL SERVE DEFENDANT VIA CERTIFIED MAIL AT:

Retirement Systems of Alabama
c/o David Bronner, CEO
201 S. Union Street
Montgomery, AL 36104